IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. CURRY,

      Petitioner,                    No. 2: 12-cv-0487 MCE JFM (HC)

   vs.

RICK HILL, Warden

      Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 16, 2012, respondent filed a motion to dismiss the habeas petition. On November 13, 2012, the court issued an order to show cause why respondent's motion to dismiss should not be granted after petitioner did not respond to the motion to dismiss. Petitioner was given twenty-one days to respond to the order to show cause. To date, petitioner has not responded either to respondent's motion to dismiss nor to the court's November 13, 2012 order to show cause.

      "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in

1

1  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
2  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
3  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
4  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Pagtalunan v. Galaza,
5  291 F.3d 639, 642-43 (9th Cir. 2002) (applying the Ferdik factors in analyzing a district court's
6  dismissal of a habeas petition for failure to prosecute and failure to comply with a court order).

7  　　　　　In determining to recommend that this action be dismissed, the court has
8  considered the five factors set forth in Ferdik. The first two Ferdik factors strongly support
9  dismissal of this action. The action has been pending for ten months and has reached the stage
10 for resolution of respondent's motion to dismiss which has now been pending for almost four
11 months. Plaintiff's failure to comply with the Local Rules and the court's November 13, 2012
12 order to show cause suggests that he has abandoned this action and that further time spent by the
13 court thereon will consume scarce judicial resources in addressing litigation which petitioner
14 demonstrates no intention to pursue.

15 　　　　　The fifth factor also favors dismissal. The court granted petitioner ample
16 additional time to oppose the pending motion to no avail and ordered petitioner to show cause
17 why respondent's motion to dismiss should not be granted. The court finds no suitable
18 alternative to dismissal of this action.

19 　　　　　Under the circumstances of this case, the third factor, prejudice to respondent
20 from petitioner's failure to oppose the motion, should be given little weight. Petitioner's failure
21 to oppose the motion does not put respondent at any disadvantage in this action. See Ferdik, 963
22 F.2d at 1262. Indeed, respondent would only be "disadvantaged" by a decision by the court to
23 continue an action petitioner has abandoned. The fourth factor, public policy favoring
24 disposition of cases on their merits, weighs against dismissal of this action as a sanction.
25 However, for the reasons set forth supra, the first, second, and fifth factors strongly support
26 dismissal and the third factor does not mitigate against it. Under the circumstances of this case,

1  those factors outweigh the general public policy favoring disposition of cases on their merits.
2  See Ferdik, 963 F.2d at 1263.
3       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
4  dismissed pursuant to Federal Rule of Civil Procedure 41(b).
5       These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
10 objections shall be filed and served within fourteen days after service of the objections.  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED : December 10, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

14
curr0487.fsc.hab

3